IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT LEWIS RENDELMAN, )
No. 24628-037, )
 )
       Plaintiff, )
 )
vs. )   Case No. 11-cv-0245-MJR
 )
MILTON NEUMANN and KELLY, )
 )
       Defendants. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Scott Lewis Rendelman, an inmate in USP-Marion, brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 180-month sentence on a conviction in the District of Maryland for mailing threatening communications (Case No. 07-cr-0331-RWT-1). He was also sentenced by this Court to a consecutive 96 months after being convicted of criminal contempt, retaliating against federal officials, and threats against the President (Case No. 09-cr-40051-GPM). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from
>   such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and to dismiss this action.

**<u>The Complaint</u>**

Plaintiff complains that Defendants have improperly assigned him an incorrect "current offense severity" score of five points ("high severity") when, based on the information in his pre-sentence investigation report, he asserts his offense severity score should be only three points ("moderate severity") (Doc. 1, pp.7, 9). Defendants Neumann and Kelly are Bureau of

Prisons (BOP) officials who sat on the team that conducted Plaintiff's Program Review and assigned his offense severity score.

Plaintiff argues that the higher score should apply only if his criminal conduct of mailing threatening letters was accompanied "with conduct evidencing an intent to carry out the threat" (Doc. 1, p. 5, quoting from BOP Program Statement 5100.08). He claims that during the presentence investigation in his criminal case, the investigator and the court concluded that Plaintiff did not engage in any additional threatening conduct beyond the letters themselves and, consequently, did not increase his offense level under the United States Sentencing Guidelines. Because Plaintiff was in prison at the time he wrote the letters in question, he notes that it would have been impossible for him to carry out the threats (Doc. 1, p. 8). In Plaintiff's view, the sentencing court's determination as to the seriousness of his offense should be binding on the BOP officials who decide his security classification within the BOP system. He further asserts that under 18 U.S.C. § 4081, he has a statutory right to proper classification and that the improper classification has deprived him of a liberty interest without due process (Doc. 1, pp. 5-6).

He requests an order requiring Defendants to reduce his offense severity score to three and nominal damages.

**Discussion**

Contrary to Plaintiff's assertion that the Defendants' actions deprived him of liberty without due process, it is well established that no constitutional violation occurs when a prisoner is improperly classified. "[P]risoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); s*ee also Moody v. Daggett*, 429 U.S.

78, 88 n.9 (1976) (due process protections are not implicated by prisoner classification within the BOP); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). The Seventh Circuit has recognized that a prisoner "does not possess sufficient statutory or constitutional entitlement in his classification or eligibility for institutional programs to trigger due process protection." *Solomon v. Benson*, 563 F.2d 339, 342 (7th Cir. 1977) (citing *Moody*, 429 U.S. at 88). The *Solomon* court held that an inmate who sought to challenge his classification as a "special offender" has no right to procedural due process, notwithstanding the adverse effects on his eligibility for transfers, furloughs, and minimum security programs. *Solomon*, 563 F.2d at 343 (overruling in part *Holmes v. U. S. Bd. of Parole*, 541 F.2d 1243 (7th Cir. 1976)). *See also Marchesani v. McCune*, 531 F.2d 459, 462 (10th Cir. 1976) ("the control and management of federal penal institutions lies within the sound discretion of the responsible administrative agency, and judicial review [of an inmates' prison classification] will be granted only upon a showing that prison officials have exercised their discretionary powers in such a manner as to constitute clear abuse or caprice").

In Plaintiff's case, he was given the opportunity to challenge the level five classification through an administrative appeal that he filed in November 2010 (Doc. 1, p. 8). He indicates that the warden overruled Defendants' action in part (Doc. 1, p. 6), but at the end of the appeal process, his classification was found to be appropriate (Doc. 1, p. 9). Thus, Plaintiff was afforded procedural due process. His disagreement with the Defendants' interpretation of the classification guidelines does not implicate any constitutional rights, and Plaintiff's complaint does not indicate that his classification was the result of an abuse of the discretion given to the BOP under 18 U.S.C. § 4081. *See Moody*, 429 U.S. at 88 n.9 (Congress, through 18 U.S.C. § 4081, has given federal officials full discretion to control prisoner classification).

Plaintiff's argument that the improper offense severity score will subject him to placement in a higher security institution, where he might encounter more violent inmates (Doc. 1, p. 6), is unavailing as well as speculative. Plaintiff states that Defendants' team review, where they determined his offense severity score, took place in mid-2010 at USP-Marion. Plaintiff continues to be housed in that institution, which is classified by the BOP as a medium security facility. Plaintiff does not claim that he has experienced any actual assaults or threats while in Marion.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and this case shall be dismissed.

**Disposition**

Accordingly, the Court **DISMISSES** Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Because two of Plaintiff's previously-filed lawsuits[1] have also been dismissed pursuant to the Prison Litigation Reform Act (PLRA) for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action, he will no longer be eligible to pay the filing fee in installments using the *in forma pauperis* provisions of §

---

[1] *Rendelman v. Badger*, Case No. 08-1812 (N.D. Ohio, dismissed Nov. 25, 2008); *Rendelman v. Weirlich*, Case No. 09-cv-964 (S.D. Ill., dismissed May 13, 2010). The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify Plaintiff's strikes. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated or face dismissal of the suit.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed; thus, the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

IT IS SO ORDERED.

DATED this 4th day of January, 2012

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge